**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KHIKAR SHIRINIAN,<br>Petitioner,<br>v.<br>B. A. SEMAIA, ETC., ET AL.,<br>Respondents. | No. ED CV 26-5941-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

**INTRODUCTION**

Petitioner, a noncitizen, lived in the United States under immigration supervision for almost four years prior to October 5, 2026. On that date, Immigration and Customs Enforcement ("ICE") re-detained Petitioner without prior notice, in the absence of materially changed circumstances, and without affording Petitioner a prompt opportunity to be heard. Petitioner has been held in detention ever since. Petitioner filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition") on October 7, 2026. Respondents failed to file an Answer within the allotted time.[1]

---

[1] This failure may not have been accidental. At a September 8, 2026 meeting of the Magistrate Judges of this Court, the Chief Magistrate Judge reported that the United States Attorney's Office has decided that it will file nothing in response to some immigration-related habeas corpus petitions, notwithstanding the "Notice of General Order 26-05, etc." ("The Court hereby directs Respondents to show cause why the writ of habeas corpus should not be granted").

## BACKGROUND

Petitioner entered the United States in December of 2022 and was initially detained. Days later, immigration authorities released Petitioner on supervision. Petitioner abided by all of the conditions of this supervision. Nevertheless, on October 5, 2026, at a routine check-in, ICE abruptly re-detained Petitioner. Petitioner has no criminal record. Petitioner's request for asylum is pending, and there is no final order of removal.

## DISCUSSION

Respondents failed to file a timely Answer. However, habeas relief may not properly issue as a consequence of a respondent's default. See, e.g., Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Hinkson v. Copenhaver, 2014 WL 1255922, at *1-2 (E.D. Cal. Mar. 25, 2014). To obtain federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3). "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted).

For the reasons discussed below, Petitioner has carried his burden to prove entitlement to habeas relief. Under the circumstances presented, Petitioner's re-detention was unlawful.

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. §

2241(c)(3). Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his re-detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025). Numerous District Courts correctly have found that jurisdiction exists to adjudicate aliens' challenges to ICE re-detentions. See, e.g., Pinchi v. Noem, 813 F. Supp. 3d 973, 1006-10 (N.D. Cal. 2025); Xayakesone v. Noem, 2025 WL 3229102 (S.D. Cal. Nov. 19, 2025); J.L.R.P. v. Wofford, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *6-7 (D. Nev. Nov. 3, 2025); Grigorian v. Bondi, 2025 WL 2604573 (S.D. Fla. Sept. 9, 2025); K.E.O. v. Woosley, 2025 WL 2553394 (W.D. Ky. Sept. 4, 2025); Zhu v. Genalo, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); Santamaria Orellana v. Baker, 2025 WL 2444087 (D. Md. Aug. 25, 2025); M.S.L. v. Bostock, 2025 WL 2430267 (D. Or. Aug. 21, 2025); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 151-52 (W.D.N.Y. 2025); see also Hernandez v. Mullin, 2026 WL 846037 (C.D. Cal. March 24, 2026) (in similar circumstances, rejecting the Government's jurisdictional arguments under 8 U.S.C. section 1226(e), 8 U.S.C. section 1252(a), 8 U.S.C. section 1252(g) and 8 U.S.C. section 1252(b)).

Constitutional due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

A noncitizen previously detained by immigration authorities but released on conditions has a constitutionally protected liberty interest that can be violated by re-detention. See, e.g.,

Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025); Rodriguez Cabrera v. Mattos, 808 F. Supp. 3d 1159, 1178-82 (D. Nev. 2025); accord Pinchi v. Noem, 813 F. Supp. 3d 973, 1035-36 (N.D. Cal. 2025); Fernandez Lopez v. Wofford, 2025 WL 2959319, at *4-5 (E.D. Cal. Oct. 17, 2025); Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025). Here, the Government released Petitioner on supervision in 2022 and permitted him to remain undetained for years while he complied fully with the conditions of his supervision. Thus, Petitioner had a constitutionally protected liberty interest in remaining undetained. See id.; see also Tello Vazquez v. Mullin, 2026 WL 1911507 (W.D. Wash. July 2, 2026); Wu v. Chestnut, 2026 WL 1906294 (E.D. Cal. July 1, 2026); Grigoryan v. Lyons, 2026 WL 2032230 (C.D. Cal. June 16, 2026); Kharitonova v. Albarran, 2026 WL 531441(N.D. Cal. Feb. 25, 2026).

In the present case, a Mathews analysis concludes that Petitioner's abrupt re-detention without a prompt opportunity to be heard violated his due process rights. As reflected in the above-cited case law evaluating legally indistinguishable circumstances, all three of the Mathews factors strongly militate toward this conclusion.

An appropriate remedy for a re-detention in violation of a noncitizen's due process rights is "[t]o return to the status quo - the last uncontested status which preceded the pending controversy," i.e., to order the release of Petitioner on "the same conditions [under which] he was released previously." Garcia v. Andrews, 2025 WL 1927596, at *6 (E.D. Cal. July 14, 2025); see Rodriguez Cabrera v. Mattos, 808 F. Supp. 3d 1159, 1183 (D. Nev. 2025) (ordering re-release of ICE detainee on conditions previously imposed); accord, Asatryan v. Lyons, 2026 WL 1196005 (C.D. Cal. April 24, 2026); Dereck v. Noem, 2026 WL 807618, at *3-4 (E.D. Cal. March 24, 2026), adopted, 2026 WL 926254 (E.D. Cal. April 6, 2026); Elshawadfy v. Bowen, 2026 WL 1045643 (C.D. Cal. March 16, 2026). The Court will also include as an additional remedy certain procedural protections against the possibility of another unlawful

re-detention of Petitioner. Numerous judges of this Court, as well as other judges within the Ninth Circuit, have ordered such procedural protections, often while expressly affirming the Court's jurisdiction to do so. See, e.g., Patel v. Bowen, 2026 WL 3027234 (C.D. Cal. Oct. 8, 2026); Martinez v. Mullin, 2026 WL 2970607 (C.D. Cal. Oct. 2, 2026); Singh v. Warden, 2026 WL 2276888 (C.D. Cal. Aug. 6, 2026); M.S. v. Chestnut, 2026 WL 2110882 (E.D. Cal. July 22, 2026); R.N.G. v. Semaia, 2026 WL 2089544 (C.D. Cal. July 14, 2026); Cu v. Marin, 2026 WL 1999356 (C.D. Cal. July 9, 2026); P.M.A. v. Warden, 2026 WL 1983415 (E.D. Cal. July 8, 2026); Zhao v. Semaia, 2026 WL 1786805 (C.D. Cal. June 22, 2026); Araujo-Contreras v. Janecka, 2026 WL 1625368 (C.D. Cal. June 3, 2026); Mendoza v. Blanche, 2026 WL 1383273 (D. Nev. May 18, 2026); Molina v. Dicus, 2026 WL 1454998 (C.D. Cal. May 18, 2026); Bekhoev v. Marin, 2026 WL 1365631 (C.D. Cal. April 28, 2026); Le v. Chestnut, 2026 WL 809891 (E.D. Cal. March 24, 2026); Meza-Hernandez v. Marin, 2026 WL 561381 (C.D. Cal. Feb. 25, 2026); Singh v. Marin, 2026 WL 431142 (C.D. Cal. Feb. 13, 2026).

**CONCLUSION**

For all of the foregoing reasons, it is ordered that: Judgment be entered granting the Petition in part and: (a) ordering Respondents to release Petitioner (A# 246-267-816) from detention immediately, subject to the conditions of Petitioner's previous supervision; and (b) enjoining Respondents from any further re-detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the

///

///

///

///

///

///

///

Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable risk of flight.

LET JUDGMENT BE ENTERED ACCORDINGLY.[2]

DATED: October 16, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

2 Petitioner has not justified any different or additional relief on the present record